```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                  COLUMBUS DIVISION

DEBORAH LAUFER,                 *

     Plaintiff,                 *

vs.                             *
                                     CASE NO. 4:20-CV-194 (CDL)
KRISHNA LLC,                    *

     Defendant.                 *
```

O R D E R

Presently pending before the Court is Plaintiff's motion for default judgment. As discussed below, the motion (ECF No. 18) is granted.

DEFENDANT'S DEFAULT

Plaintiff brought this action against Krishna, LLC for violating Title III of the Americans with Disabilities Act. Plaintiff presented evidence that her process server served the Summons and Amended Complaint on Jignesh Patel as Registered Agent of Krishna, LLC at 1521 N. Main Street, Blakely, Georgia 39823. Proof of Service, ECF No. 16. Based on the present record, the Court is satisfied that Plaintiff adequately served Krishna, LLC. Krishna, LLC did not answer or otherwise respond to the complaint, and the Clerk granted Plaintiff's application for entry of default. Plaintiff then filed her motion for default judgment. Krishna, LLC did not move to set aside the

default, and it did not respond to the motion for default judgment. The Court may enter a default judgment under Federal Rule of Civil Procedure 55(b) if Plaintiff's well-pleaded factual allegations state a claim for relief.

FACTUAL BACKGROUND

By its default, Krishna, LLC admitted the factual allegations in Plaintiff's complaint. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . .'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). These admitted allegations include:

- Plaintiff cannot walk "more than a few steps without assistive devices" and "is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands" such that she is "unable to tightly grasp." Am. Compl. ¶ 1, ECF No. 10. When Plaintiff is outside her home, she "must primarily rely on a wheelchair." *Id.* Plaintiff tests websites for compliance with federal regulations. *Id.* ¶ 2.

- Krishna, LLC owns and operates the Econo Lodge in Cuthbert, Georgia ("Property"). *Id.* ¶ 3.

- "Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains websites for the Property which contains an online reservations system." *Id.* ¶ 9. "These websites are located at: trip.com, priceline.com, agoda.com, hotels.com, expedia.com, orbitz.com, www.lol.travel/us, www.cheaptickets.com, www.travelocity.com, www.reservations.com, and www.getaroom.com." *Id.*[1]

---

[1] Plaintiff asserts that Defendant uses other websites to enable people to reserve guest rooms and view information regarding the Property's features, although she does not name any other websites.

2

- Plaintiff, a Florida resident, has frequently visited and traveled through Georgia. *Id.* ¶ 10.  She had plans to take a road trip with stops in Georgia, and she intended to stay in a Georgia hotel. *Id.*  She searched for hotels for this trip and wanted to compare accessibility features for the Property with other hotels in the area. *Id.* ¶ 11.

- Before Plaintiff filed this action, she visited the named websites "on multiple occasions for the purpose of reviewing and assessing the accessible features at the Property." *Id.* ¶ 11.  Plaintiff found that Property's websites at trip.com, agoda.com, hotels.com, priceline.com, orbitz.com, www.lol.travel/us, www.cheaptickets.com, www.travelocity.com, www.reservations.com, and www.getaroom.com "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability [sic] at the hotel." *Id.* ¶ 11.a-j.

- Plaintiff intends to revisit Defendant's online reservation websites to determine the accessible features of the Property so she can decide where to stay on her upcoming trip, and she plans to test for compliance with the regulations. *Id.* ¶ 12.

DISCUSSION

Plaintiff contends that Defendant's online reservations websites, including those operated by third parties, violate Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulations, 28 C.F.R. §§ 36.101 *et seq*.  Title III of the ADA prohibits disability discrimination by owners and operators of places of public accommodation, including hotels.  42 U.S.C. § 12182(a).  Under Title III's enforcement provisions, a person who is subjected to disability discrimination in the enjoyment of accommodations of any place of public accommodation may bring an action for injunctive relief. *See* 42 U.S.C. § 12188(a)(1), 42

U.S.C. § 2000a-3(a).  To establish such a claim, a plaintiff must prove that (1) she is a disabled individual, (2) the defendant owns or operates a place of public accommodation, and (3) the defendant discriminated against the plaintiff within the meaning of ADA Title III.  *See* 42 U.S.C. § 12182(a).

Plaintiff's factual allegations, which Defendant admitted by virtue of its default, establish that Plaintiff is an individual with a disability within the meaning of the ADA, that she had plans to travel through Georgia and stay in a Georgia hotel, and that she tried to ascertain whether Defendant's Econo Lodge would be a suitable accommodation for her trip.[2]  *See* 42 U.S.C. 12102(1)(A) (defining disability as "a physical or mental impairment that substantially limits one or more major life activities" of an individual); *id.* § 12102(2)(A) (listing

---

[2] Plaintiff also alleges that she is an ADA "tester."  The Court is satisfied that Plaintiff's status as a "tester" does not deprive her of standing.  *See, e.g., Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (explaining that "tester" motive did not deprive plaintiff of standing to bring Title III ADA claim). Plaintiff must still allege an injury-in-fact and show a real and immediate threat of future injury.  *Id.* (concluding that ADA tester had standing to pursue Title III claims for injunctive relief against supermarket after he encountered architectural barriers and stated that he intended to return to the store to shop if he were able to park in the parking spaces and avail himself of the store's facilities.  *Id.* at 1336-37.  Here, Plaintiff contends that she suffered an injury-in-fact: she planned to visit Georgia and stay in a Georgia hotel but when she visited Defendant's reservation websites to try to find a place to stay, Defendant's websites did not accurately and correctly describe the accessibility features and did not permit reservation of an accessible room.  Plaintiff also asserts that she intends to revisit the websites to find a hotel for her upcoming trip and test for compliance.  Accordingly, Plaintiff has alleged enough facts—which Defendant admitted by its default—to establish standing.

"walking" and "standing" as major life activities); Am. Compl. ¶¶ 1-2, 10-11 (stating that Plaintiff cannot walk without assistive devices, that she planned to visit Georgia and tried to find whether Defendant's hotel meets her accessibility needs). The admitted factual allegations further establish that Defendant owns and operates the Econo Lodge in Cuthbert, Georgia. *Id.* ¶ 3. The next question is whether the admitted factual allegations establish that Defendant discriminated against Plaintiff within the meaning of the ADA.

Disability discrimination includes failure to make reasonable modifications in policies and procedures when such modifications are necessary to "afford such . . . accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii). Disability discrimination also includes failure to take necessary steps to ensure that "no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." *Id.* § 12182(b)(2)(A)(iii). The regulations require public accommodations like the Cuthbert Econo Lodge to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or

5

her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). The regulations also require public accommodations "to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms," and to reserve accessible guest rooms upon request. *Id.* §§ 36.302(e)(1)(i), (iv). These requirements apply "with respect to reservations made by any means, including by telephone, in-person, or through a third party." *Id.* § 36.302(e)(1). So, "the regulation applies to hotel reservation websites, whether maintained by the public accommodation itself or by third-parties such as expedia.com." *Kennedy v. Siesta Inn & Suites, Inc.*, 828 F. App'x 658, 659 (11th Cir. 2020) (per curiam).

Plaintiff asserts that Defendant uses the following third-party booking sites, which contain online reservations systems: trip.com, agoda.com, hotels.com, priceline.com, orbitz.com, www.lol.travel/us, www.cheaptickets.com, www.travelocity.com, www.reservations.com, and www.getaroom.com. Plaintiff further alleges that she visited the websites to learn about the Cuthbert Econo Lodge's accessibility features and access the online reservation system as part of her research for an upcoming trip but that these websites "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability [sic] at the

6

hotel." Am. Compl. ¶ 10.a-j.  By its default, Defendant admitted these factual allegations, which establish that its hotel reservation websites are not in compliance with the applicable regulations, including 28 C.F.R. § 36.302(e)(1).  Nothing in the present record suggests that Defendant has brought the websites into compliance with § 36.302(e)(1).  Thus, the admitted factual allegations establish that Defendant discriminated against Plaintiff within the meaning of the ADA.  Accordingly, Plaintiff is entitled to injunctive relief.  Defendant is hereby ORDERED to bring its reservations websites, including third-party booking sites, into full compliance with 28 C.F.R. § 36.302(e)(1) and to implement a policy to monitor and maintain its postings on third-party booking sites to ensure that its posts remain in compliance.  Defendant shall comply with this Order by January 10, 2022.

In addition to her claim for injunctive relief, Plaintiff seeks attorney's fees and costs.  The Court may, in its discretion, award reasonable attorney's fees, litigation expenses, and costs to the prevailing party. 42 U.S.C. § 12205.  The Court will, in its discretion, award attorney's fees and costs in an amount to be determined.  Within fourteen days of the date of this Order, Plaintiff shall file her motion for attorney's fees and costs.

CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (ECF No. 18) is granted. The Court finds that Defendant is in violation of Title III of the ADA to the extent set forth above. Defendant shall comply with this Order by January 10, 2022. Plaintiff shall file her motion for attorney's fees within fourteen days. Upon resolution of the attorney's fees and costs issue, the Court will enter final judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED, this 12th day of October, 2021.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA