```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

| | |
|---|---|
| DEBORAH LAUFER, | * |
| Plaintiff, | * |
| vs. | * |
| |     CASE NO. 4:20-CV-194 (CDL) |
| KRISHNA, LLC, | * |
| Defendant. | * |

O R D E R

Plaintiff brought this action against Krishna, LLC for violating Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 ("ADA"). The Court previously granted Plaintiff's motion for default judgment. The ADA permits the Court, in its discretion, to award reasonable attorney's fees, litigation expenses, and costs to a prevailing party like Plaintiff. 42 U.S.C. § 12205. Plaintiff contends that she is entitled to fees and costs in the amount of $5,622.50. For the reasons set forth below, Plaintiff's motion for attorney's fees (ECF No. 20) is granted to the extent that Plaintiff is awarded $3,655.00 in fees and costs.

FACTUAL BACKGROUND

Plaintiff filed this action against Defendant for violating Title III of the ADA. Plaintiff presented evidence that she adequately served Defendant. Defendant did not answer or

otherwise respond.  Plaintiff filed a motion for default judgment.  Defendant did not move to set aside the default or respond to the motion for default judgment.  By its default, Defendant admitted that Plaintiff is disabled within the meaning of the ADA, Defendant owns and operates a place of public accommodation (a hotel), Plaintiff intended to travel to Georgia and searched online for hotels for the trip, the online reservation websites Defendant uses did not permit Plaintiff to understand the hotel's accessibility features or reserve an accessible room.  The Court concluded that these admitted factual allegations established that Defendant discriminated against Plaintiff within the meaning of the ADA.  *Laufer v. Krishna LLC*, No. 4:20-CV-194 (CDL), 2021 WL 4765496, at *3 (M.D. Ga. Oct. 12, 2021).  Thus, the Court granted Plaintiff's motion for default judgment and ordered Defendant to bring its reservations websites into full compliance with the ADA and its implementing regulations.  Plaintiff then filed the present motion for attorney's fees and costs.

DISCUSSION

The ADA permits a court, in its discretion, to award reasonable attorney's fees, litigation expenses, and costs to the prevailing party.  42 U.S.C. § 12205.  Plaintiff, who obtained injunctive relief against Defendant, is a prevailing party and may thus receive an award of reasonable attorney's and

costs.  "The first step in calculating a reasonable attorney's fee award is to determine the 'lodestar'—the product of multiplying reasonable hours expended times a reasonable hourly rate."  *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 802 (11th Cir. 2020) (per curiam) (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)).  There is "a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam).  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Here, Plaintiff seeks to recover attorney's fees in the amount of $3,782.50 for 8.9 hours of work by attorney Tristan Gillespie.  The Court reviewed Gillespie's timesheet and finds that 8.9 hours is reasonable for counsel's work on this case.  The next question is whether the requested rate of $425.00 per hour is reasonable.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman*, 836 F.2d at 1299.  Plaintiff bears "the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."  *Id.*  Here, "the 'relevant

3

market' for purposes of determining the reasonable hourly rate for an attorney's services is" Columbus, Georgia because that is where the case was filed. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).

Gillespie has been practicing law since 2006 and claims an hourly rate of $425 per hour. Gillespie is based in Johns Creek, Georgia, a suburb of Atlanta, and Plaintiff seems to be seeking to recover Atlanta rates in this Columbus action. In her motion, Plaintiff points out that Gillespie successfully claimed $400 per hour in a recent case before the Northern District of Georgia and that clients of other lawyers in Gillespie's firm have been awarded rates of $425 in the Southern District of Florida. But Plaintiff did not establish that she is entitled to Atlanta rates. A reasonable rate is one that is in line with the market rate, which "means the hourly rate charged in the local legal market by someone with expertise in the area who is willing and able to take the case, if such an attorney exists." *Barnes*, 168 F.3d at 437. "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, [s]he must show a lack of attorneys practicing in that place who are willing and able to handle h[er] claims." *Id.* (concluding that the district court "clearly erred in awarding non-local rates without finding that the plaintiffs had carried their burden of showing there

4

were no attorneys" in the relevant market who could handle their claims). Here, Plaintiff posits that there are few lawyers that litigate Title III ADA claims, but she did not point to any evidence that there were no Columbus attorneys who could have handled her case. Accordingly, Plaintiff is not entitled to recover Atlanta rates.

Plaintiff also did not present any evidence of the prevailing Columbus market rate for similar services by lawyers of reasonably comparable skills, experience, and reputation. The Court recently approved an hourly rate of $400 per hour in a Fair Labor Standards Act for a Columbus attorney with twenty-three years of experience. *Smith v. Martin Marietta Materials, Inc.*, No. 4:20-CV-80 (CDL), 2021 WL 5141864, at *3 (M.D. Ga. Nov. 3, 2021). The Court also approved an hourly rate of $285 for an attorney with eight years of experience. *Id.* at *2. Based on the evidence discussed in *Smith*, along with the Court's experience and judgment, a reasonable hourly rate in an ADA case like this one for a Columbus, Georgia attorney with fifteen years of experience is $350 per hour. Plaintiff shall recover at this rate for the 8.9 hours billed by Gillespie. Accordingly, the lodestar is $3,115.00. Plaintiff shall recover that amount.

In addition to her fee request, Plaintiff seeks $1,840.00 in costs. The $400 filing fee and the $140 service fee are recoverable as costs under 28 U.S.C. § 1920. Plaintiff also seeks to recover an "expert witness fee" for her investigator, who apparently double-checked Plaintiff's work after she completed a compliance review of Defendant's reservation websites but before Plaintiff filed this action. *See* Am. Compl. ¶11, ECF No. 10 (alleging that Plaintiff conducted compliance reviews of Defendant's websites). Plaintiff did not explain why it was necessary to hire an investigator to confirm the work that she did herself, and she did not explain why the investigator's pre-suit investigation should be considered an expert witness fee. The Court thus declines to award it. The Court likewise declines to award the "anticipated follow-up investigation" fee. In sum, Plaintiff is entitled to recover costs in the amount of $540.00

## CONCLUSION

As discussed above, Plaintiff's motion for attorney's fees (ECF No. 20) is granted to the extent that the Court awards Plaintiff fees and costs in the amount of $3,655.00.

IT IS SO ORDERED, this 15th day of November, 2021.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA